# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:12cr44

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ROY THOMAS HILL, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 14], filed July 12, 2012.

## I.  PROCEDURAL BACKGROUND

On May 30, 2012, the Defendant was charged in a Bill of Information with one count of conspiracy to commit offenses against the United States including violations of 18 U.S.C. § 471 (making counterfeit obligations or securities) and 18 U.S.C. § 472 (uttering counterfeit obligations or securities), all in violation of 18 U.S.C. § 371. [Doc. 1]. The Bill of Information included a Notice of Forfeiture, advising that the Government intended to seek forfeiture of all property involved in the violations alleged in the Bill of Information, used to or intended to be used to facilitate the charged violation, all proceeds thereof, and any substitute property, including $6,000.00 in

counterfeit federal reserve notes and one multi-function scanner and printer seized during the course of the investigation of the violations set forth in the Bill of Information. [Id. at 3].

On May 30, 2012, the parties filed a Plea Agreement in which the Defendant agreed to enter a voluntary plea of guilty to Count One as set forth in the Bill of Information and further agreed to forfeit his interest in the above-referenced property. [Doc. 3 at 3].[1] The Court accepted the Defendant's guilty plea on June 6, 2012. [Doc. 165].

The Government now moves for the entry of a preliminary order of forfeiture. [Doc. 14]. The Defendant has not filed any opposition to the Government's Motion.

II. ANALYSIS

Before entering a preliminary order of forfeiture, the Court must determine whether the "requisite nexus" exists between the property to be seized and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1)(A). The Government bears the burden of proving nexus by a preponderance of the evidence. See United States v. McHan, 345 F.3d 262, 268 (4th Cir. 2003).

---

[1] An Amended Plea Agreement was filed on June 6, 2012, correcting a minor clerical error. [Doc. 10].

In the present case, the Government relies upon the Bill of Information, the Plea Agreement, and the Defendant's guilty plea in order to establish nexus. Nothing in these pleadings or in the Defendant's plea, however, establishes the requisite connection between the specific property to be forfeited and the Defendant's offense of conviction. Merely obtaining the Defendant's consent to forfeiture of his interest in certain property is not sufficient to carry the Government's burden. See, e.g., Libretti v. United States, 516 U.S. 29, 43, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (noting that a district court is not required to "simply accept a defendant's agreement to forfeit property, particularly when that agreement is not accompanied by a stipulation of facts supporting forfeiture, or when the trial judge for other reasons finds the agreement problematic"). Here, the Government has not proffered any stipulation of facts to support the proposed forfeiture of the above-referenced property, beyond the Defendant's agreement to forfeit his interest therein. Because the Defendant's consent alone does not establish the requisite nexus, the Government's motion for a preliminary order of forfeiture will be denied without prejudice.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 14] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 2, 2012

Martin Reidinger
United States District Judge